IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ANGELA LOCHNER**
935 County Road E
Adams, WI 53910

                                                                  Case No.: 19-cv-878

       Plaintiff,

  v.

**STATE OF WISCONSIN –
DEPARTMENT OF AGRICULTURE,
TRADE & CONSUMER PROTECTION**
2811 Agriculture Drive
Madison, WI 53718

       Defendant.

## COMPLAINT

NOW COMES Plaintiff, Angela Lochner, by her attorneys, Hawks Quindel, S.C., through Caitlin M. Madden and Nicholas E. Fairweather, and hereby states the following as her Complaint in the above-referenced matter:

### NATURE OF PROCEEDINGS

1. Plaintiff, Angela Lochner, brings this civil action against Defendant, the State of Wisconsin – Department of Agriculture, Trade & Consumer Protection, claiming wage discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391 because Defendant resides in this district, and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff, Angela Lochner, was an adult resident of the state of Wisconsin at all times relevant hereto.

5. Defendant, the State of Wisconsin – Department of Agriculture, Trade & Consumer Protection ("DATCP"), is a political subdivision of the State of Wisconsin with its principal office located at 2811 Agriculture Drive, Madison, Wisconsin 53718.

6. DATCP is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

7. Plaintiff started working for DATCP in the Bureau of Meat and Poultry Businesses on January 13, 2014.

8. Plaintiff began working for DATCP in the Bureau of Weights and Measures as a Weights and Measures Petroleum Field Inspector ("WTS Petroleum Inspector") on November 1, 2015.

9. Plaintiff was compensated at an hourly rate of $20.34 when she started as a WTS Petroleum Inspector.

10. After 18 months of work, in which Plaintiff completed her probationary period and passed her National Conference of Weights and Measures exams, Plaintiff was promoted to "WTS Petroleum Inspector - Senior."

11. At this time, Plaintiff received a 12% increase over the minimum hourly wage for her position's schedule and range, to an hourly rate of $22.65.

12. In February 2018, Plaintiff and other members of the department received a $0.75 raise, putting her rate at $23.40 per hour.

13. In June 2018, Plaintiff and other members of the department received a 2% raise, putting her rate at $23.87 per hour.

14. In January 2019, Plaintiff and other members of the department received a 2% raise, putting her rate at $24.35 per hour.

15. On or around February 2019, Plaintiff was advised by her Field Supervisor, Steve Peter, that all new hires into the WTS Petroleum Inspector position would be paid a minimum of $21.00 per hour but that wages for current WTS Petroleum Inspectors would not be adjusted accordingly at that time.

16. As a WTS Petroleum Inspector, Plaintiff's job duties include inspecting petroleum storage tanks, examining small and medium capacity scales, package checking, price verification, and inspecting retail motor fuel devices as well as investigating complaints.

17. In addition to performing these general job duties, Plaintiff and other WTS Petroleum Inspectors are assigned to perform some "specialty" inspections, such as inspecting grain moisture meters, vehicle scales, hopper scales, terminals

and crosslines, tank installations or removal/closures, liquefied petroleum gas meters, or vehicle tank meters.

18. The specialty to which a WTS Petroleum Inspector is assigned can change from year to year.

19. There is no pay difference associated with a WTS Petroleum Inspector's specialty.

20. Plaintiff's current specialty is inspecting the installations or removal/closure of petroleum tanks.

21. Plaintiff previously specialized in inspecting hopper scales.

22. Since the end of her probationary period, one of Plaintiff's job duties has been training employees hired as new WTS Petroleum Inspectors, or "WTS Petroleum Inspector – Entry."

23. Plaintiff provided training to the following individuals hired as WTS Petroleum Inspector – Entry: Lance Smithey (seniority date April 30, 2018), Nicholas Eberle (seniority date April 15, 2019), Daniel Lindert (seniority date September 4, 2018), Michael Dailey (seniority date January 9, 2017), and Joe Uminski (seniority date August 19, 2019).

24. Smithey, Eberle, Lindert, Dailey, and Uminski all perform the same job duties as Plaintiff.

25. Smithey, Eberle, Lindert, Dailey, and Uminski have less seniority and experience than Plaintiff.

4

26. Smithey, Eberle, Lindert, Dailey, and Uminski are all paid a higher hourly rate than Plaintiff.

27. Plaintiff has never been subject to any formal discipline by Defendant.

28. Plaintiff is currently the only female employee in the southwest supervisor district.

29. Upon information and belief, Plaintiff is fourth in seniority in the southwest supervisor district but has the lowest rate of pay.

30. Plaintiff was the Vice President of the Wisconsin Weights and Measures Association for the 2018-2019 term.

31. Plaintiff will serve as the President-Elect of the Wisconsin Weights and Measures Association for the 2019-2020 term.

32. Plaintiff has served on the Bureau of Weights and Measures' Policies and Procedures Committee from April 2019 to the present.

33. Plaintiff served on the Bureau of Weights and Measures' Goal-Setting Committee in 2018.

34. Plaintiff served on the Bureau of Weights and Measures' Rating Panel for new job applicants in November 2016 and June 2018.

35. In June 2019, Plaintiff was given a $2,000 bonus but was not given a raise.

36. As of July 2019, the following male WTS Petroleum Inspectors in either Senior or Entry-level positions with equal or lesser seniority than Plaintiff were paid at a higher hourly rate than she:

5

| Last | First | Job Title | Base Rate | Seniority Date |
|---|---|---|---|---|
| Sindelar | Edward | WTS MEASURES PETRO SPEC-SEN | $30.48 | 09/22/2014 |
| Brockman | Chad | WTS MEASURES PETRO SPEC-SEN | $27.36 | 03/20/2017 |
| Burdick | Joel | WTS MEASURES PETRO SPEC-SEN | $27.36 | 08/10/2015 |
| Karczewski | Jason | WTS MEASURES PETRO SPEC-SEN | $27.36 | 07/24/2017 |
| Suri | Shawn | WTS MEASURES PETRO SPEC-SEN | $27.36 | 04/04/2016 |
| Hoffmann | Anthony | WTS MEASURES PETRO SPEC-ENTRY | $26.52 | 08/06/2018 |
| Dailey | Michael | WTS MEASURES PETRO SPEC-SEN | $26.32 | 01/09/2017 |
| Smithey | Lance | WTS MEASURES PETRO SPEC-ENTRY | $26.01 | 04/30/2018 |
| Schaefer | Jacob | WTS MEASURES PETRO SPEC-ENTRY | $25.50 | 08/20/2018 |
| Eberle | Nicholas | WTS MEASURES PETRO SPEC-ENTRY | $25.00 | 04/15/2019 |
| Lindert | Daniel | WTS MEASURES PETRO SPEC-ENTRY | $24.74 | 09/04/2018 |
| Lochner | Angela | WTS MEASURES PETRO SPEC-SEN | $24.35 | 01/13/2014 |

## CAUSE OF ACTION:
## VIOLATION OF THE EQUAL PAY ACT
## 29 U.S.C. § 206(d)

37. Plaintiff re-alleges and re-incorporates by reference the allegations contained in the above paragraphs.

38. Defendant paid similarly-situated male employees, including those identified in paragraph 36, a higher salary than Plaintiff for jobs which required equal skill, effort, and responsibilities under similar working conditions.

39. Defendant engaged in a pattern and practice of unequal pay between similarly-situated male and female workers for jobs which required equal skill, effort, and responsibilities under similar working conditions.

40. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate unequal pay based on gender from the workplace and prevent it from occurring in the future.

41. As a direct and proximate result of Defendant's pattern and practice of unequal pay between similarly-situated male and female workers for jobs which

required equal skill, effort, and responsibilities under similar working conditions, Plaintiff has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding her:

A.  The difference between the compensation paid to Plaintiff and that paid to similarly-situated male employees, including, but not limited to, differences is salary and bonuses, pursuant to 29 U.S.C. § 206(d);

B.  A finding that Defendant's actions were willful under 29 U.S.C. § 255;

C.  Liquidated damages in an amount equal to the amount awarded to Plaintiff as damages, as provided in 29 U.S.C. § 216(b);

D.  A permanent injunction restraining Defendant from violating the Equal Pay Act, as provided in 29 U.S.C. § 217;

E.  All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b); and

F.  Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under the Equal Pay Act.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all questions of fact and law raised by her Complaint.

Dated this 25th day of October, 2019.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Angela Lochner*

        By: */s/Caitlin M. Madden*
        Caitlin M. Madden, State Bar No. 1089238
        Email: cmadden@hq-law.com
        Nicholas E. Fairweather, State Bar No. 1036681
        Email: nfairweather@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236